UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Jason L.,[1]

Plaintiff,

v.

Kilolo Kijakazi, Acting Commissioner of
Social Security,

Defendant.

Civ. No. 22-1955 (PAM/ECW)

**MEMORANDUM AND ORDER**

This matter is before Court on the parties' cross-Motions for Summary Judgment. For the following reasons, Plaintiff's Motion is denied, Defendant's Motion is granted, and this matter is dismissed.

**BACKGROUND**

Plaintiff Jason L. filed an application for Supplemental Security Income benefits on October 20, 2020. (Admin. R. (Docket No. 11) at 283-92.) Plaintiff alleged that he became disabled on August 31, 2010, as a result of major depressive disorder, generalized anxiety disorder, and nicotine dependence. (Id. at 42.)

An individual is considered disabled for purposes of Social Security disability benefits if he is "unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than

---

[1] This District has adopted the policy of using only the first name and last initial of any nongovernmental parties in orders in Social Security matters.

twelve months." 42 U.S.C. § 1382c(a)(3)(A).  In addition, an individual is disabled "only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." Id. § 1382c(a)(3)(B).  "[A] physical or mental impairment is an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." Id. § 1382c(a)(3)(D).

The Commissioner has established a sequential, five-step evaluation process to determine whether an individual is disabled.  20 C.F.R. § 416.920(a)(4).  At step one, the claimant must establish that he is not engaged in any "substantial gainful activity." Id. § 416.920(a)(4)(i).  If he is not, the claimant must then establish that he has a severe medically determinable impairment or combination of impairments at step two. Id. § 416.920(a)(4)(ii). At step three the Commissioner must find that the claimant is disabled, if the claimant satisfies the first two steps and the claimant's impairment meets or is medically equal to one of the listings in 20 C.F.R. Part 404, Subpart P, App'x 1. Id. § 416.920(a)(4)(iii).  If the claimant's impairment does not meet or is not medically equal to one of the listings, the evaluation proceeds to step four.  The claimant then bears the burden of establishing his residual functional capacity ("RFC") and proving that he cannot perform any past relevant work.  Id. § 416.920(a)(4)(iv); Young v. Apfel, 221 F.3d 1065, 1069 n.5 (8th Cir. 2000).  If the claimant proves he is unable to perform any past relevant work, the burden shifts to the Commissioner to establish at step five that the claimant can

2

perform other work existing in a significant number of jobs in the national economy. Bowen v. Yuckert, 482 U.S. 137, 146 n.5 (1987). If the claimant can perform such work, the Commissioner will find that the claimant is not disabled. 20 C.F.R. § 416.920(a)(4)(v).

The Administrative Law Judge ("ALJ") determined after a hearing that Plaintiff had established that his major depressive disorder, anxiety disorder, and nicotine dependence were severe impairments. (Admin. R. at 42.) The ALJ also noted that Plaintiff suffered from the non-severe impairment of obesity. (Id.)

The ALJ then determined that none of Plaintiff's severe impairments met or medically equaled the requirements of listed impairments. (Id. at 42-44.) The ALJ found that Plaintiff's RFC allowed him to perform a full range of work at all exertional levels with nonexertional limitations to accommodate Plaintiff's anxiety, such as no climbing ladders, and limitations to Plaintiff's interaction with co-workers and the public. (Id. at 44.) Finally, the ALJ determined that although Plaintiff could not perform his past relevant work as a cashier and sales clerk, he could perform other jobs that exist in significant numbers in the national economy. (Id. at 49-50.) The ALJ therefore found that Plaintiff was not disabled. (Id. at 51.)

Plaintiff brought this lawsuit under 42 U.S.C. § 405(g), after the Appeals Council affirmed the ALJ's disability determination. Plaintiff contends that the ALJ erred in analyzing the medical opinions in the record, both in considering the state agency psychologist's opinion and in determining the supportability and consistency of the opinions of Plaintiff's treating therapist. Plaintiff asks the Court to reverse the ALJ's decision and remand the case for further proceedings.

**DISCUSSION**

The Court's review of the Commissioner's decision is limited to determining whether that decision is "supported by substantial evidence on the record as a whole." McKinney v. Apfel, 228 F.3d 860, 863 (8th Cir. 2000). "Substantial evidence . . . is more than a mere scintilla." Biestek v. Berryhill, 139 S. Ct. 1148, 1154 (2019) (quotation omitted). It is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Id. (quoting Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229 (1938)). This "threshold . . . is not high." Id. "If, after reviewing the record, the court finds it is possible to draw two inconsistent positions from the evidence and one of those positions represents the [ALJ's] findings, the court must affirm the [ALJ's] decision." Perks v. Astrue, 687 F.3d 1086, 1091 (8th Cir. 2012) (quotation omitted).

Plaintiff's first argument is that the ALJ did not sufficiently account for the opinions of Dr. Amy Johnson, the state agency psychologist who reviewed Plaintiff's file. Dr. Johnson opined that Plaintiff could deal with coworkers and supervisors on a superficial basis and could manage only occasional contact with the public. This opinion, according to Plaintiff, is contrary to the ALJ's determination that Plaintiff could have only occasional interaction with supervisors and co-workers, with no tandem or teamwork tasks, and no interaction with the general public.

Plaintiff's contention on this point is without merit. The ALJ obviously considered Dr. Johnson's opinions and incorporated them into Plaintiff's RFC. Indeed, the RFC the ALJ formulated is more deferential to Plaintiff's limitations than Dr. Johnson's opinion. The distinction Plaintiff attempts to draw between "superficial" and "occasional" is, in this

4

case, a distinction without a difference. The ALJ properly considered Dr. Johnson's opinions and used those opinions appropriately in formulating Plaintiff's RFC.

Plaintiff next argues that the ALJ legally erred by failing to sufficiently address the supportability and consistency of the opinions of Plaintiff's treating therapist, Douglas Greenlee. Plaintiff notes that new regulations establish that supportability and consistency are the "most important factors" the Commissioner considers in evaluating medical opinions, and thus the ALJ is required to "explain how [she] considered the supportability and consistency factors for a medical source's medical opinions . . . ." 20 C.F.R § 404.1520c(b)(2); see also Bonnett v. Kijakazi, 859 F. App'x 19, 20 (8th Cir. 2021) (remanding to Commissioner when ALJ failed to evaluate whether medical opinion was consistent with other record evidence).

The ALJ's consideration of therapist Greenlee's opinions was thorough and thoughtful. Although she did not conduct a point-by-point analysis of each of those opinions, she clearly read and considered whether his opinions were consistent with the other record evidence. She noted that many of Greenlee's opinions regarding Plaintiff's limitations seemed to be less than certain, because Greenlee wrote a question mark after some of the boxes he checked to indicate Plaintiff's limitations. The ALJ is not required to list every opinion and comb the record for other evidence that supports that opinion or is consistent or inconsistent with it. Rather, the ALJ is required to thoroughly and carefully review the evidence in the record. She did so here, and her well-supported determination that Greenlee's opinions were not entirely supported by or consistent with other evidence in the record will not be disturbed.

**CONCLUSION**

The ALJ's determination that Plaintiff is not disabled is supported by substantial evidence in the record. Accordingly, **IT IS HEREBY ORDERED that**:

1. Plaintiff's Motion for Summary Judgment (Docket No. 14) is **DENIED**;

2. Defendant's Motion for Summary Judgment (Docket No. 18) is **GRANTED**; and

3. This matter is **DISMISSED with prejudice**.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: Wednesday, January 4, 2023

*s/ Paul A. Magnuson*
The Hon. Paul A. Magnuson
United States District Court Judge